Geoege Andeews, J.,
delivered the opinion of the Court.
*569 This action was originally brought before a Justice of tbe Peace upon a promissory note made by one John B. Barnes, and signed also by Holt, the plaintiff in error, as security. Judgment was rendered by the Justice in favor of the plaintiff below, against both Barnes and Holt; from which judgment, Holt alone appealed to the Circuit Court.
Upon the calling of the cause for trial in the Circuit Court, the defendant, Holt, moved as on affidavit, for a continuance of the cause upon the ground of the unavoidable absence of the said Barnes, who had been subpoenaed as a witness in favor of Holt, and by whom it was proposed to prove that Holt, the security, had been discharged from liability on said note. The Circuit Court refused to continue the cause, and Holt, the defendant below, tendered his bill of exceptions, and appealed in error, to this Court.
No question is made as to the sufficiency of the cause shown for continuance, if it should be held that the witness Barnes, if produced, would have been a competent witness to prove the facts alledged. But it is insisted, that, as Barnes was the principal maker of the note, and liable over to Holt, for any judgment that might be rendered against him as security, he is incompetent to give testimony to exonerate the latter.
Judgment having been already rendered in favor of the plaintiff below, against Barnes, which was unap-pealed from, and he being bound tp pay the debt either to the plaintiff or to Holt, whatever might be the result of the pending suit, the' interest of Barnes was equally balanced, unless his liability to Holt for the *570 costs of this action should be held to create a preponderance of interest to defeat this action. Such a preponderance of interest will, we think, render the witness incompetent: 1 Green. Ev., secs. 391, 395; Hurst vs. Word, 3 Head, 564; see 2 Yer., 35-89; Notes to Bent vs. Baker, 2 Smith Lead. Cases, 122-5.
A security cannot recklessly, and without authority from his principal, in a case where it is clear that defense is hopeless, litigate an action, and thereby entitle himself to reimbursement of the costs from his principal: Chitty on Contr., 438; 1 Pars, on Notes and Bills, 243. But for his costs of a reasonable and bona fide defense, he is entitled to indemnity, and may enforce it against his principal. This right to indemnity is recognised by the Code, secs. 3620-2, which provide for the taking of judgment over by motion in favor of the surety against the principal, in cases where judgment has been obtained against the surety; and that the judgment shall be “for the amount of the recovery or payment, as the case may be, with interest and costs.
We are unable to resist the conclusion, that there was in the present case, such a preponderance of interest on the part of the proposed witness, as to render him incompetent to testify on behalf of his surety, the plaintiff in error.
It follows that the action of the Circuit Court in refusing the continuance asked for, was not erroneous, and the judgment must be affirmed.